UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re

    DARREN LAMONT RICE,                  06-03036 B

            Debtor                 <u>DECISION & ORDER</u>
-----------------------------------------------------

Eschen, Frenkel & Weisman, LLP
Lisa Gordon, Esq., of counsel
20 West Main Street
Bay Shore, New York 11706
Attorneys for Bankers Trust
 Company of California, N.A.

Steven J. Baum, P.C.
Amy E. Przewozny, Esq., of counsel
P. O. Box 1291
Amherst, New York 14240-1291
Attorney for Wells Fargo Bank, N.A.

Lawrence S. Lane, Esq.
3700 Seneca Street
West Seneca, New York 14224
Attorney for Debtor

Albert J. Mogavero, Esq.
The Dun Building, 6th Floor
110 Pearl Street
Buffalo, New York 14202
Chapter 13 Trustee

Bucki, U.S.B.J.

    Each of two mortgagees has filed an *ex parte* motion for an order confirming that the automatic stay has been terminated under 11 U.S.C. § 362(c). For the reasons stated hereafter, these motions are denied, but without prejudice to applications for similar relief after a hearing on notice to the debtor and his counsel and to the trustee.

    On May 31, 2006, Darren Lamont Rice filed his initial petition for relief under chapter 13 of the Bankruptcy Code. Within three months of the filing, this court granted the trustee's motion to dismiss that first petition, due to the

debtor's failure to prosecute.  Mr. Rice then commenced a second voluntary proceeding under chapter 13 on October 4, 2006.

Darren Lamont Rice owns parcels of real estate at 59 Titus Avenue and at 64 Cornwall Avenue in the City of Buffalo.  On November 28, 2006, as the holder of a mortgage on the Titus Avenue property, Wells Fargo Bank, N.A. ("Wells Fargo") filed a motion under 11 U.S.C. §362(j) to confirm the termination of the automatic stay.  Then on December 4, 2006, Bankers Trust Company of California, N.A. ("Bankers Trust") filed a similar motion with respect to any stay affecting its mortgage on the Cornwall Avenue property. Although Wells Fargo and Bankers Trust mailed copies of their respective motions to the debtor, his counsel, and the trustee, the movants ask that the court grant relief without notice of an opportunity for hearing.

Generally, section 362 of the Bankruptcy Code imposes an automatic stay of most litigation involving a debtor and of most acts to obtain possession of property from the bankruptcy estate.  To address concerns about individuals who file multiple petitions, however, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added subdivisions (c)(3) and (c)(4) to section 362.  Subdivision (c)(3) deals with debtors who had one other bankruptcy proceeding that was dismissed during the year prior to the filing of their current petition.  Subdivision (c)(4) deals with debtors who had two or more prior bankruptcies that were dismissed during the previous year.

Subject to exceptions not here relevant, subdivision (c)(3)(A) of section 362 states that if the single or joint case of an individual was dismissed within one year of the filing of a new case under chapter 7, 11, or 13, then "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with

respect to the debtor on the 30th day after the filing of the later case."
Pursuant to section 362(c)(3)(B), the court may extend the automatic stay, but
only on motion "after notice and a hearing completed before the expiration of
the 30-day period," and "only if the party in interest demonstrates that the
filing of the later case is in good faith as to the creditors to be stayed."  For
circumstances where two or more bankruptcy proceedings were pending during
the year prior to filing of the current petition, subdivision (c)(4)(A)(i) of section
362 provides that the automatic stay "shall not go into effect upon the filing of
the later case."  When subdivision (c)(4) applies, however, a party in interest
may seek the imposition of a stay, pursuant to a request made within thirty
days of the bankruptcy filing.

Subdivision (j) of section 362 states that "[o]n request of a party in
interest, the court shall issue an order under subsection (c) confirming that the
automatic stay has been terminated."  In the present instance, during the year
prior to commencement of the current bankruptcy proceeding, this court
dismissed one prior case that Darren Lamont Rice had filed under chapter 13.
Furthermore, Mr. Rice never obtained an extension of the automatic stay during
the thirty days after the filing of his most recent petition.  Therefore, pursuant
to 11 U.S.C. § 362(c)(3) and § 362(j), Wells Fargo and Bankers Trust now seek
orders confirming the termination of the stay.

As set forth in 11 U.S.C. § 362(a), the automatic stay operates against
eight categories of activity.  The stay precludes litigation against the debtor,
but it also protects the interests of any trustee and of the bankruptcy estate.
For this reason, creditors must serve notice of most motions for stay relief both
on the debtors and on their trustee.  In chapter 11 cases, Bankruptcy Rule
4001 requires that the motion be further served on either the twenty largest

unsecured creditors or the Official Committee of Unsecured Creditors.  By its language, however, section 362(c)(3) terminates the automatic stay only "with respect to the debtor."  In this regard, section 362(c)(3) contrasts instructively with section 362(c)(4).   Essentially, the statute creates a graduated response to multiple bankruptcy filings.   When the debtor has no history of bankruptcy during the year prior to a petition, the new filing imposes fully the automatic stay as described in 11 U.S.C. § 362(a) and (b).  If only one other bankruptcy case was pending for the same individual during the prior year, section 362(c)(3) continues to recognize an automatic stay, subject only to the limitation that unless the stay is extended, it will terminate as against the debtor on the thirtieth day after filing. Pursuant to section 362(c)(4), when two or more bankruptcy cases were pending for the same individual during the prior year, the filing of the new case will not automatically impose any stay.  If it had wanted subdivision (c)(3) to effect a complete termination of the automatic stay, Congress would have used language more similar to that in subdivision (c)(4).  Instead, for individuals with only one prior filing that was open during the previous year, the stay is terminated only "with respect to the debtor" and not as to the trustee.

In the present instance, Wells Fargo and Bankers Trust seek to confirm the termination of the automatic stay, so that they may proceed to foreclose real property that is an asset of the bankruptcy estate.  Although 11 U.S.C. § 362(c)(3)(A) has effected a termination of the automatic stay "with respect to the debtor," all other aspects of the automatic stay remain operative, including the stay of proceedings to obtain possession of estate property. Thus, I agree with the conclusion of Judge Small in *In re Jones*, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006), that it "is abundantly clear from the plain language of

§362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate."

The current motions under section 362(j) can serve to confirm a termination only of those elements of the automatic stay that section 362(c)(3) may affect. For relief as against the bankruptcy estate, creditors must move under section 362(d). Although a motion under section 362(d) will require payment of filing fees that are not presently mandated for motions under section 362(j), this latter section cannot confirm a stay termination under section 362(c)(3) as against anyone but the debtor. Thus, at this time, I am compelled to deny the applications in that they seek general authorizations to commence foreclosure proceedings.

In some instances, a creditor may be content to obtain confirmation of a termination of the stay as against the debtor only. For example, the trustee may have abandoned any interest in the collateral, or may have separately stipulated to relief with respect to the interests of the bankruptcy estate. The current motion also presents the question whether the court should confirm a partial stay termination as to the debtor. In my view, absent some demonstrated exigency that would have allowed *ex parte* relief under Bankruptcy Rule 4001(a)(2), confirmatory orders under section 362(j) should be granted only on motion with notice and an opportunity for hearing to debtors and their counsel.

Bankruptcy Rule 9014(a) states that in a "contested matter" not otherwise governed by the Bankruptcy Rules, "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." The advisory notes for this rule provide clarification that "[w]henever there is an actual dispute, other than an

adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." Notes of the Advisory Committee on Bankruptcy Rules (1982), *as reprinted in* Appendix A ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY App. Pt. 2(c): R. 9014 (15th ed. rev. 2006). Here, the motion to confirm stay termination is a contested matter, not as to any basis for stay relief under section 362(d), but as to whether circumstances satisfy the necessary predicate for application of section 362(c)(3). In special instances, a debtor might wish to assert defenses based on theories of estoppel or waiver. The matter in contest may be limited in scope, but that scope of potential contest will nonetheless require that the debtor enjoy an opportunity for hearing.

Before considering any motion under 11 U.S.C. § 362(j) to confirm the termination of the automatic stay in a case, I will require that the moving creditor give notice of hearing to the debtors, their attorney, and the trustee. To the extent that a creditor desires a termination of the stay as against a trustee, it cannot rely upon confirmation of a termination under 11 U.S.C. §362(c)(3), but must also move for stay relief under 11 U.S.C. §362(d). In the present instance, Wells Fargo and Bankers Trust have not followed the necessary procedures for relief under either section. Accordingly, I must deny their motions, but without prejudice to a request for similar relief on notice as required by this decision.

So ordered.

Dated:      Buffalo, New York                    /s/      CARL L. BUCKI
            December 19, 2006                              U.S.B.J.